NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2012
Decided December 6, 2012

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2151

| | |
|---|---|
| QINGMEI CHEN, | |
| *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | |
| | No. A088 172 022 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Qingmei Chen, a 36-year-old Chinese woman, petitions for review of an order of the Board of Immigration Appeals upholding the immigration judge's denial of her application for asylum and withholding of removal. She argues that the forced sterilization of her mother and sister in the 1990s compel the conclusion that she has a well-founded fear of persecution, despite her being single and never having been threatened herself. Because substantial evidence supports the Board's conclusion that Chen's fear of future persecution is not objectively reasonable, we deny the petition.

Chen fled China (Fujian Province) in 2006, and immigration officers detained her after she arrived by airplane in Kansas City for entering the United States illegally (via

Texas). Chen applied for asylum and withholding of removal based on her fear of persecution if she returned to China.

Chen testified during her removal proceedings that she left China because she fears she would face sterilization if she were to marry. Chen is single, did not speak of being in any sort of romantic relationship, and has no children or plans to have children in the near future. Though she conceded that she had not been harmed before she left, she testified that local officials in Fujian had sterilized her mother in 1991 and her sister in 1996, after each had given birth to multiple children. Chen's sister, now a permanent resident, testified at the hearing and explained that she came to the United States in 2004 and obtained asylum based on her past persecution. Counsel for Chen argued in summation that although Chen had not been physically harmed by the family-planning policy in China, witnessing the events surrounding her family members' forced sterilizations scarred her psychologically.

The IJ found Chen credible but denied her application. The IJ said that, although Chen genuinely feared sterilization, she had not shown that this fear was also reasonable. Even though Chen's mother and sister had been forcibly sterilized years ago, the IJ explained, any risk that Chen would face the same fate if returned to China was "entirely speculative" because Chen was (then) 34, single, "with no apparent prospects of marriage," had not given birth to any children, nor was she currently pregnant. Nor, the IJ concluded, did Chen meet the higher burden for withholding of removal or for relief under the Convention Against Torture.

The Board upheld the IJ's conclusions and affirmed her decision. It agreed with the IJ that although Chen has a subjective fear of being persecuted, her fear was too speculative to be objectively reasonable. The Board also determined that Chen failed to establish a pattern or practice of persecution in China of persons who merely desire to have children. And even if such a persecuted group of people did exist, the Board concluded, Chen did not demonstrate that she qualifies as a member because she expressed no desire to have children.

In her petition, Chen contests the Board's conclusion that her fear of persecution is unreasonable. She argues that her expressed wish to marry and have children sometime in the future makes it reasonably foreseeable that she will be sterilized if she returns to China. She points to statements in the State Department's 2010 human rights report reflecting that local birth-planning officials continue to experience intense pressure to meet birth-limitation targets and use physical coercion to meet government goals.

To be eligible for asylum on the basis of future persecution, Chen must establish that her fear of persecution is objectively reasonable and not merely speculative. *See* 8 C.F.R.

§ 208.13(b)(2); *Chen v. Holder*, 604 F.3d 324, 330 (7th Cir. 2010); *Chen v. Gonzales*, 457 F.3d 670, 674 (7th Cir. 2006); *Ahmed v. Ashcroft*, 348 F.3d 611, 618 (7th Cir. 2003). She can meet this standard only with specific, detailed facts showing a good reason that she would be "singled out" for persecution or that she belongs to a group in China against whom there has been a demonstrated pattern or practice of persecution. *See* 8 C.F.R. § 208.13(b)(2)(i), (b)(2)(iii); *Chen*, 604 F.3d at 330; *Chen*, 457 F.3d at 674; *Ahmed*, 348 F.3d at 618.

As the Board concluded, the evidence in this case does not compel the conclusion that Chen has a reasonable fear of persecution. Chen admitted at her hearing that she had never before been physically harmed or persecuted by family-planning officials. She cites to generalized statements from the human rights report, but "generalized evidence" in a country report, alone, is insufficient to establish that a fear of persecution is reasonable. *Chen*, 457 F.3d at 674. She also points to her mother's and sister's forced sterilizations, which occurred years ago and only after they had both given birth to multiple children, but past sterilization of a petitioner's parent (or other family member) under unrelated circumstances does not compel the conclusion that the petitioner would also be sterilized if she returned to her home country. *Chen*, 604 F.3d at 331; *Chen*, 457 F.3d at 675; *Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Absent specific details of threats, harm, or any facts to suggest that Chen will be sterilized in the future, her statement that she will get married is entirely too speculative and cannot compel the conclusion that her fear of being singled out for persecution is also objectively reasonable. *See Chen*, 457 F.3d at 674–75; *Ahmed*, 348 F.3d at 618–19.

Nor can Chen establish that she belongs to an identifiable group of persons against whom there is a pattern or policy of persecution. *See* 8 C.F.R. § 208.13(b)(2)(iii). The State Department's report states that instances of forced abortions and sterilization still occur in some localities in China in connection with the family-planning policies. But Chen testified that she has no children now, and she has not shown anything to suggest that couples (or individuals) with no children have been persecuted under the family-planning policy.

Because she cannot demonstrate her eligibility for asylum, Chen necessarily cannot show that she is eligible for withholding of removal. *See Bueso-Avila v. Holder*, 663 F.3d 934, 937 (7th Cir. 2011); *Kholyavskiy v. Holder*, 540 F.3d 555, 568 n.14 (7th Cir. 2008).

Petition DENIED.